IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HOWARD A. CHEATHAM,
    Petitioner,

vs.                                        Case No.:  3:13cv411/MCR/EMT

MICHAEL D. CREWS,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

      This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 9).  The court provided Petitioner an opportunity to file a response to the motion (*see* doc. 10), but he has not done so.

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

      The procedural background of this case is established by the state court record (doc. 9).[1] Petitioner was charged in the Circuit Court in and for Calhoun County, Florida, Case No. 2006-CF-

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 9) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

231, Case No. 2006-CF-232, and Case No. 2006-CF-233, with one count (in each case) of sale, manufacture, delivery, or possession with intent to sell marijuana (Ex. A at 9–11). Following a trial on June 7, 2006, a jury found Petitioner guilty as charged in each case (Exs. B, C, D). On August 1, 2006, Petitioner was adjudicated guilty and sentenced to consecutive terms of five (5) years in prison, with pre-sentence jail credit of three (3) days (Ex. A at 87–93, Ex. E). On August 16, 2006, an amended judgment and sentence was rendered granting Petitioner additional jail credit of fifty-three (53) days (Ex. A at 115–18).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D06-4374. He subsequently filed a notice of voluntary dismissal (Ex. F). The First DCA dismissed the appeal on December 21, 2006 (Ex. G).

On January 23, 2007, Petitioner filed a motion for reduction of sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Ex. H). The state circuit court summarily denied the motion in an order rendered March 22, 2007 (Ex. I).

On August 5, 2008, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. L). The state circuit court summarily denied the motion on August 5, 2009 (Ex. M). Petitioner appealed the decision to the First DCA, Case No. 1D09-4427 (Ex. N). On November 18, 2009, the First DCA per curiam affirmed the lower court's decision (Ex. O). Cheatham v. State, 25 So. 3d 563 (Fla. 1st DCA 2009) (Table). The mandate issued January 19, 2010 (Ex. R).

On March 9, 2010, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D10-1231, which the court construed as alleging ineffective assistance of appellate counsel (Exs. S. T). The First DCA denied the petition on April 6, 2010, and denied Petitioner's motion for rehearing on May 17, 2010 (Exs. U, V, W). Cheatham v. State, 36 So. 3d 87 (Fla. 1st DCA 2010) (Table). Petitioner sought review in the Supreme Court of Florida, Case No. SC10-878. The state supreme court denied his petition for review on September 10, 2010 (Ex. X). Cheatham v. State, 46 So. 3d 47 (Fla. 2010) (Table).

On September 28, 2010, Petitioner filed a habeas petition in the First DCA, Case No. 1D10-5357, challenging his conviction (Ex. Y). The First DCA dismissed the petition on November 1,

2010, and denied Petitioner's motion for rehearing on December 15, 2010 (Exs. Z, AA, BB). Cheatham v. State, 50 So. 3d 24 (Fla. 1st DCA 2010) (Mem).

On December 20, 2010, Petitioner filed a petition for writ of certiorari in the First DCA, Case No. 1D11-0280, which the court construed as a petition alleging ineffective assistance of appellate counsel (Exs. CC, DD). The court denied the petition on February 15, 2011, and denied Petitioner's motion for rehearing on March 25, 2011 (Exs. EE, FF, GG). Cheatham v. State, 57 So. 3d 872 (Fla. 1st DCA 2011) (Mem).

On June 7, 2011, Petitioner filed another Rule 3.800(c) motion (Ex. J). The state circuit court dismissed the motion as untimely on June 29, 2011 (Ex. K).

On September 7, 2011, Petitioner filed another rule 3.850 motion (Ex. HH at 1–81). The state circuit court denied the motion as untimely on November 14, 2011 (*id.* at 82–87). Petitioner appealed the decision to the First DCA, Case No. 1D11-6734 (*id.* at 104). On April 13, 2012, the First DCA per curiam affirmed the lower court's decision (Ex. II). Cheatham v. State, 85 So. 3d 488 (Fla. 1st DCA 2012) (Table). The mandate issued May 9, 2012 (Ex. JJ).

On or about September 11, 2012, Petitioner filed another Rule 3.850 motion (*see* doc. 1-1 at 222). The state circuit court denied the motion as untimely and without merit on October 19, 2012 (*id.* at 222–27). Petitioner appealed the decision to the First DCA, Case No. 1D12-5363 (*id.* at 200–21). On April 1, 2013, the First DCA per curiam affirmed the lower court's decision. Cheatham v. State, 2013 WL 1286965, at *1 (Fla. 1st DCA Apr. 1, 2013) (unpublished). Petitioner filed a motion for rehearing and notice of supplemental authority (doc. 1-1 at 127–99). The First DCA denied the motion for rehearing and issued the mandate on June 7, 2013.

Petitioner filed the instant habeas action on July 16, 2013 (doc. 1).

II.   ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (doc. 9 at 6–7). Respondent contends the judgment became final upon expiration of the 90-day period for Petitioner to seek review, in the United States Supreme Court, of the First DCA's disposition of his direct appeal (*id.*). Respondent contends the First DCA's order was rendered December 21, 2006; therefore, the judgment of conviction became final ninety (90) days later, on March 22, 2007.

Petitioner does not argue that a different statutory trigger for limitations period applies. However, he suggests in his federal petition that Ground Four is based upon newly discovered evidence (doc. 1 at 7–9).[2] Therefore, the court will determine the date on which Petitioner could have discovered, through the exercise of due diligence, the factual predicate of Ground Four. In Ground Four, Petitioner claims that the trial court violated his Fifth Amendment right by granting the State's motion in limine on the morning of trial (*id.*). He also contends defense counsel was ineffective by failing to object to the State's motion (*id.* at 8).

The state court record demonstrates that on June 6 2006, the day before trial, the State filed a motion in limine seeking to limit the defense from exposing the jury to (1) information relating to State's witness Kevin Kroll's abusing any person, including his girlfriend "Missy," (2) information

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

relating to Kroll's being a "big dealer of cocaine" and/or selling large amounts of cocaine, (3) testimony from Michael "Bo" Layne, and (4) testimony from Robert Agerton and Darryl Frazier regarding Petitioner's character (*see* Ex. A at 38–39). On the morning of trial, with Petitioner present, defense counsel did not object to the motion with regard to the State's first request (Ex. C at 10). With regard to the State's second request, the court permitted the defense to inquire if Mr. Kroll "deals" in cocaine, but precluded the defense from inquiring whether he was a "big dealer of cocaine" or "big dealer" (*id.* at 11). With regard to the State's third and fourth requests, the court reserved ruling unless and until defense counsel determined he wished to call Mr. Layne, Mr. Agerton, or Mr. Frazier as a witness and proffered his testimony (*id.* at 11–13). Defense counsel did not call any witnesses at trial; therefore, the court did not rule on the admissibility of testimony from Mr. Layne, Mr. Agerton, or Mr. Frazier (*see* Ex. C at 193).

The record demonstrates that the State's motion in limine, defense counsel's response, and the trial court's ruling, was discoverable by Petitioner during the trial proceedings. Therefore, the factual basis of Ground Four was discoverable prior to the date his conviction became final.

Applying the finality trigger of § 2244(d)(1)(A), the date on which the judgment of conviction became final, the statute of limitations began to run on March 23, 2007, the day after the 90-day period for Petitioner to file a petition for review in the Supreme Court expired.[3]  *See* Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir. 2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA). Petitioner had one year from that date, or until March 23, 2008, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner did not file his federal petition on or before March 23, 2008; therefore, it is untimely unless tolling principles apply and render it timely.

---

[3] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the federal limitations period began to run on April 18, 2008.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

During the one-year federal limitations period which commenced on March 23, 2007, and expired on March 23, 2008, Petitioner had no post-conviction applications pending in state court. Any post-conviction applications filed after March 23, 2008, did not toll the federal limitations period, because there was no period remaining to be tolled. *See* Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Therefore, Petitioner's federal habeas petition, filed July 16, 2013, was untimely. Petitioner does not allege any grounds for additional tolling, nor has he shown he is entitled to review of his claims through a recognized exception to the time bar. Therefore, Respondent's motion to dismiss is due to be granted, and the federal petition dismissed as time-bared.

III.  CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.  That Respondent's motion to dismiss (doc. 9) be **GRANTED**.

  2.  That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

  3.  That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 15th day of April 2014.


           /s/ *Elizabeth M. Timothy*
           **ELIZABETH M. TIMOTHY**
           **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

  **Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**